1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Arby Aiwazian (Cal. State Bar No. 269827)
    arby@calljustice.com
Joanna Ghosh (Cal. State Bar No. 272479)
    joanna@calljustice.com
Helene Mayer (Cal. State Bar No. 3223975)
    helene@calljustice.com
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs Mackensie Biddle and Jessa Naluz

David D. Bibiyan (Cal. State Bar No. 287811)
    david@tomorrowlaw.com
Vadang J. Patel (Cal. State Bar No. 328647)
    vedang@tomorrowlaw.com
**BIBIYAN LAW GROUP, P.C.**
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel:  (310) 438-555 / Fax:  (310) 300-1705

*Attorneys for* Plaintiff Evangeline D. Gaston

*(sidebar, left margin)* **LAWYERS *for* JUSTICE, PC**  410 West Arden Avenue, Suite 203  Glendale, California 91203

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENSIE BIDDLE, JESSA NALUZ, EVANGELINE D. GASTON, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiffs,<br><br>vs.<br><br>C & J CLARK RETAIL, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 8:19-cv-01624-JVS-ADS<br><br>Honorable John W. Holcomb<br><br>**[PROPOSED] FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); |

(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);

(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);

(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);

(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);

(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);

(10) Violation of California Business & Professions Code §§ 17200, et seq.

(11) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs MACKENSIE BIDDLE ("Plaintiff Biddle"), JESSA NALUZ ("Plaintiff Naluz"), and EVANGELINE D. GASTON ("Plaintiff Gaston") (collectively, "Plaintiffs"), individually and on behalf of other members of the general public similarly situated and on behalf other aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"), and allege as follows:

## <u>JURISDICTION AND VENUE</u>

1.      This class action was originally brought in the Superior Court for the County of Orange pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiffs exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

///

///

2

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2.    The Superior Court for the County of Orange has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.    The Superior Court for the County of Orange has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.    Venue is proper in the Superior Court for the County of Orange because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Orange.

## **PARTIES**

5.    Plaintiff MACKENSIE BIDDLE is an individual residing in the State of California, County of Orange.

6.    Plaintiff JESSA NALUZ is an individual residing in the State of California, County of San Francisco.

7.    Plaintiff EVANGELINE D. GASTON is an individual residing in the State of California, County of Riverside.

8.    Defendant C & J CLARK RETAIL, INC. ("Defendant"), at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Orange.

///

///

9.     At all relevant times, Defendant C & J CLARK RETAIL, INC. was the "employer" of Plaintiffs within the meaning of all applicable California laws and statutes.

10.     At all times herein relevant, Defendants C & J CLARK RETAIL, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators, and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and/or consent of each defendant designated as a DOE herein.

11.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names.  Plaintiffs are informed and believe, and based on that information and belief allege, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiffs and the other class members as alleged in this Complaint. Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

12.     Defendant C & J CLARK RETAIL, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

13.     Plaintiffs further allege that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## CLASS ACTION ALLEGATIONS

14.     Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and, thus, seek class certification under California Code of Civil Procedure section 382.

15.     The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from July 16, 2015 to final judgment and who reside in California.

16.     Plaintiffs reserve the right to establish subclasses as appropriate.

17.     The class is ascertainable and there is a well-defined community of interest in the litigation:

    a.     Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b.     Typicality: Plaintiffs' claims are typical of all other class members' as demonstrated herein.  Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

    c.     Adequacy: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interests that are antagonistic to the other class members.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

class action discovery, certification, and settlement. Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

18.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.  Whether Defendants required Plaintiffs and the other class

6

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   members to work over eight (8) hours per day, over forty (40)
2   hours per week, and/or over six (6) consecutive days in a week,
3   and failed to pay the legally required overtime compensation to
4   Plaintiffs and the other class members;

5   d.

6   e.   Whether Defendants deprived Plaintiffs and the other class
7        members of meal and/or rest periods or required Plaintiffs and
8        the other class members to work during meal and/or rest periods
9        without compensation;

10  f.   Whether Defendants failed to pay minimum wages to Plaintiffs
11       and the other class members for all hours worked;

12  g.   Whether Defendants failed to pay all wages due to Plaintiffs and
13       the other class members within the required time upon their
14       discharge or resignation;

15  h.   Whether Defendants failed to timely pay all wages due to
16       Plaintiffs and the other class members during their employment;

17  i.   Whether Defendants complied with wage reporting as required
18       by the California Labor Code; including, *inter alia*, section 226;

19  j.   Whether Defendants kept complete and accurate payroll records
20       as required by the California Labor Code, including, *inter alia*,
21       section 1174(d);

22  k.   Whether Defendants failed to pay reporting time pay to
23       Plaintiffs and the other class members;

24  l.   Whether Defendants failed to provide a day of rest to Plaintiffs
25       and the other class members;

26  m.   Whether Defendants failed to reimburse Plaintiffs and the other
27       class members for necessary business-related expenses and
28       costs;

n.    Whether Defendants' conduct was willful or reckless;

o.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

p.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

q.    Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## PAGA ALLEGATIONS

19.    At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendants.

20.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

21.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

22.    Plaintiffs were employed by Defendants and the alleged violations were committed against them during their times of employment and they are, therefore, aggrieved employees.  Plaintiffs and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

23.     Pursuant to California Labor Code sections 2699.3 and 2699.5, aggrieved employees, including Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:

    a.    The aggrieved employees shall give written notice (hereinafter "Employee's Notice") by online submission to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

24.     On June 11, 2019, Plaintiff Biddle provided written notice by online submission to the LWDA and by certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff Biddle did not receive an LWDA Notice within sixty-five (65) days of the date of the submission of Plaintiff Biddle's notice.

25.     On August 12, 2019, Plaintiff Gaston provided written notice by online submission to the LWDA and by certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

the facts and theories to support the alleged violations.  Plaintiff Gaston did not receive an LWDA Notice within sixty-five (65) days of the date of submission of Plaintiff Gaston's notice.

26.    On August 24, 2021, Plaintiff Naluz provided written notice by online submission to the LWDA and by certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff Naluz did not receive an LWDA Notice within sixty-five (65) days of the date of submission of Plaintiff Naluz's notice.

27.    Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violation of California Labor Code, including *inter alia*, sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 551, 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800, and 2802, and Industrial Welfare Commission Wage Orders, including *inter alia*, 1-2001, 4-2001, and 7-2001, have been satisfied.

## GENERAL ALLEGATIONS

28.    At all relevant times set forth herein, Defendants employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Orange.

29.    Defendants, jointly and severally, employed Plaintiff Biddle as an hourly-paid, non-exempt employee in the position of assistant store manager, from approximately July 2018 to approximately October 2018, in the State of California, County of Orange.

30.    Defendants, jointly and severally, employed Plaintiff Naluz as an hourly-paid, non-exempt employee in the position of team lead, from approximately April 2018 to approximately March 2020 in the State of California, County of San Francisco.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

31.     Defendants, jointly and severally, employed Plaintiff Gaston, as an hourly-paid, non-exempt employee, in the position of assistant store manager, from approximately 2003 to approximately May 2019, in the State of California.

32.     Defendants hired Plaintiffs and the other class members and aggrieved employees, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked, and short, late, interrupted, and/or missed meal periods and/or rest periods.

33.     Defendants had the authority to hire and terminate Plaintiffs and the other class members and aggrieved employees, to set work rules and conditions governing Plaintiffs' and the other class members' employment, and to supervise their daily employment activities.

34.     Defendants exercised sufficient authority over the terms and conditions of Plaintiffs' and the other class members' and aggrieved employees' employment for them to be joint employers of Plaintiffs and the other class members.

35.     Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members and aggrieved employees.

36.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

37.     Plaintiffs and the other class members and aggrieved employees worked over eight (8) hours in a day, forty (40) hours in a week, and/or over six (6) consecutive days in a week during their employment with Defendants as a result of their schedules. and/or as a result of being compelled to work off-the-clock, and/or as a result of not receiving full and uninterrupted meal and/or rest breaks.

38.     Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime

11

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

wages (including at the regular rate, as required) earned and for short, late, interrupted, and/or missed meal periods and rest breaks in violation of California law.

39.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked, due to not being paid at the regular rate of pay during pay periods when overtime was required to be paid at the regular rate rather than at the base rate of pay.    Defendants' failure includes, *inter alia*, failing to compensate Plaintiffs and the other class members and aggrieved employees for job duties performed off-the-clock, including, but not limited to, performing opening and closing procedures, waiting to access timekeeping systems, providing customer service, responding to business-related inquiries, and remaining on-premises.

40.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to pay equal to half the usual or scheduled day's work in an amount no less than two (2) hours nor more than four (4) hours at the employee's regular rate of pay for each workday in which Plaintiffs and the other class members and aggrieved employees were required to report to work and were furnished less than half the usual or scheduled day's work.

41.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to pay equal to no less than two (2) hours at Plaintiffs' and the other class members' and aggrieved employees' regular rate of pay for each day in which Plaintiffs and the other class members and aggrieved employees were required to report for work a second time in one workday and were

furnished less than two hours of work on the second reporting.

42.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members and aggrieved employees all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

43.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to relieve Plaintiffs and other class members and aggrieved employees of all duties, failed to relinquish control over Plaintiffs and the other class members' and aggrieved employees' activities, failed to permit Plaintiffs and other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

44.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class members' and aggrieved employees' regular rate of pay when a meal period was short, late, interrupted, and/or missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class members' and aggrieved employees' regular rate of pay when a meal period was short, late, interrupted, and/or missed.  During the relevant time period, Plaintiffs and the other class members' and aggrieved employees' meal periods were missed, shortened, late and/or interrupted because Defendants required them to perform work duties including, but not limited to, waiting to access timekeeping systems, providing customer service, responding to business-related inquiries, and remaining on-

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

13

premises.

45.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide, authorize, and permit Plaintiffs and other class members and aggrieved employees to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

46.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' and aggrieved employees' regular rate of pay when a rest period was short, late, interrupted, and/or missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' and aggrieved employees' regular rate of pay when a rest period was short, late, interrupted, and/or missed. During the relevant time period, Plaintiffs' and the other class members' and aggrieved employees' rest periods were missed, short, late, and/or interrupted because Defendants required them to perform work duties during their purported rest periods, including, but not limited to, providing customer service, responding to business-related inquiries, and remaining on-premises.

47.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for all hours Plaintiffs and the other class members worked off the clock performing work duties.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

48.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including earned, but unpaid, overtime, minimum, and reporting time wages, and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

49.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive all wages owed to them during their employment.  Plaintiffs and the other class members and aggrieved employees did not receive payment of all wages, including earned, but unpaid, overtime, minimum, and reporting time wages, and meal and rest period premiums, within any time permissible under California Labor Code section 204.

50.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.   The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiffs and the other class members and aggrieved employees and the accurate net/gross wages earned.

51.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiffs and the other class members and aggrieved employees in accordance with California law, but, in fact, did not keep complete and accurate payroll records reflecting the accurate hours worked and the accurate wages earned by Plaintiffs and other class members and aggrieved employees.

52.    Plaintiffs are informed and believe, and based thereon allege, that

Defendants knew or should have known that Plaintiffs and the other class members and aggrieved employees were entitled to reimbursement for necessary business-related expenses including, but not limited to, the use of personal phones and personal vehicles for business-related matters, the purchasing and maintaining of clothing and footwear in compliance with Defendants' dress code, and the purchasing of tools, supplies, and equipment.

53.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and the other class members and aggrieved employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the other class members and aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

54.    During the relevant time period, Defendants failed to pay overtime wages to Plaintiffs and the other class members and aggrieved employees for all overtime hours worked.  Plaintiffs and the other class members and aggrieved employees were required to work more than eight (8) hours per day, forty (40) hours per week, and/or more than six (6) consecutive days in a week without overtime compensation for all overtime hours worked including work performed off-the-clock.  This failure to pay overtime wages to Plaintiffs and the other class members and aggrieved employees also included failure to pay correct amounts of overtime at the regular rate of pay when required by law.

55.    During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiffs and the other class members and aggrieved employees.

56.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members and aggrieved employees at least minimum wages for

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

all hours worked including work performed off-the-clock.

57.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members and aggrieved employees all wages owed to them upon discharge or resignation including earned and unpaid overtime and minimum wages, reporting time pay, and meal and rest period premiums.

58.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members and aggrieved employees all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204, including earned and unpaid overtime and minimum wages, reporting time pay, and meal and rest period premiums.

59.    During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members and aggrieved employees.  The deficiencies included, *inter alia,* the failure to include the accurate total number of hours worked by Plaintiffs and the other class members and aggrieved employees and the accurate net/gross wages earned.

60.    During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members and aggrieved employees.  The deficiencies included, *inter alia*, the failure to include the accurate total number of hours worked by Plaintiffs and the other class members and aggrieved employees and the accurate net/gross wages earned.

61.    During the relevant time period, Defendants failed to reimburse Plaintiffs and the other class members and aggrieved employees for all necessary business-related expenses and costs, including but not limited to, the use of personal phones and personal vehicles for business-related matters, the purchasing and maintaining of clothing and footwear in compliance with Defendants' dress code, and the purchasing of tools, supplies, and equipment.

62.    During the relevant time period, Defendants failed to properly compensate Plaintiffs and the other class members and aggrieved employees

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

17

1   pursuant to California law in order to increase Defendants' profits.

2      63.   California Labor Code section 218 states that nothing in Article 1 of

3   the Labor Code shall limit the right of any wage claimant to "sue directly . . . for

4   any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against C & J CLARK RETAIL, INC. and DOES 1 through 100)**

8      64.   Plaintiffs incorporate by reference the allegations contained in

9   Paragraphs 1 through 63, and each and every part thereof with the same force and

10  effect as though fully set forth herein.

11     65.   California Labor Code section 1198 and the applicable Industrial

12  Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ

13  persons without compensating them at a rate of pay either time-and-one-half or

14  two-times that person's regular rate of pay, depending on the number of hours

15  worked by the person on a daily or weekly basis.

16     66.   Specifically, the applicable IWC Wage Order provides that

17  Defendants are and were required to pay Plaintiffs and the other class members

18  employed by Defendants, and working more than eight (8) hours in a day, more

19  than forty (40) hours in a workweek, and/or more than six (6) consecutive days in

20  a workweek, at the rate of time-and-one-half for all hours worked in excess of eight

21  (8) hours in a day, more than forty (40) hours in a workweek, or the first eight (8)

22  hours on the seventh day of work in a workweek.

23     67.   The applicable IWC Wage Order further provides that Defendants are

24  and were required to pay Plaintiffs and the other class members overtime

25  compensation at a rate of two times their regular rate of pay for all hours worked

26  in excess of twelve (12) hours in a day or in excess of eight (8) hours on the sixth

27  consecutive day of work in a workweek.

28     68.   California Labor Code section 510 codifies the right to overtime

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

18

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.

compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

69.   During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, an/or in excess of six (6) consecutive days in a workweek, including performing work duties off-the-clock including, but not limited to, performing opening and closing procedures, waiting to access timekeeping systems, providing customer service, responding to business-related inquiries, and remaining on-premises.

70.   During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members.   Plaintiffs and the other class members did not receive overtime compensation at one-and-one-half times the regular hourly rate for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day.   This happened, *inter alia*, due to Defendants' failure to calculate and use the regular rate of pay at all (as opposed to its employees' base rate of pay), and/or failure to correctly calculate a regular rate of pay based upon, *inter alia*, relevant commissions and/or bonuses or other compensation provided to Plaintiffs and the other members of the putative class.

71.   Defendants' failure to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

72.   Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well

19

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.

1    as interest, costs, and attorneys' fees.

2                    **SECOND CAUSE OF ACTION**

3            **(Violation of California Labor Code §§ 226.7 and 512(a))**

4        **(Against C & J CLARK RETAIL, INC. and DOES 1 through 100)**

5        73.    Plaintiffs incorporate by reference the allegations contained in

6    paragraphs 1 through 72, and each and every part thereof with the same force and

7    effect as though fully set forth herein.

8        74.    At all relevant times, the IWC Order and California Labor Code

9    sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class

10   members' employment by Defendants.

11       75.    At all relevant times, California Labor Code section 226.7 provides

12   that no employer shall require an employee to work during any meal or rest period

13   mandated by an applicable order of the California IWC.

14       76.    At all relevant times, the applicable IWC Wage Order and California

15   Labor Code section 512(a) provide that an employer may not require, cause, or

16   permit an employee to work for a work period of more than five (5) hours per day

17   without providing the employee with a meal period of not less than thirty (30)

18   minutes, except that if the total work period per day of the employee is no more

19   than six (6) hours, the meal period may be waived by mutual consent of both the

20   employer and employee.

21       77.    At all relevant times, the applicable IWC Wage Order and California

22   Labor Code section 512(a) further provide that an employer may not require, cause,

23   or permit an employee to work for a work period of more than ten (10) hours per

24   day without providing the employee with a second uninterrupted meal period of

25   not less than thirty (30) minutes, except that if the total hours worked is no more

26   than twelve (12) hours, the second meal period may be waived by mutual consent

27   of the employer and the employee only if the first meal period was not waived.

28       78.    During the relevant time period, Plaintiffs and the other class members

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

79.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

80.     During the relevant time period, Plaintiffs' and the other class members' meal periods were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties including, but not limited to, waiting to access timekeeping systems, providing customer service, responding to business-related inquiries, and remaining on-premises.

81.     As a result, Defendants failed to relieve Plaintiffs and the other class members of all duties, failed to relinquish control over Plaintiffs' and the other class members' activities, failed to permit Plaintiffs and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours.

82.     During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

83.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

84. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

85. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against C & J CLARK RETAIL, INC. and DOES 1 through 100)

86. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 85, and each and every part thereof with the same force and effect as though fully set forth herein.

87. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendants.

88. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

89. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

90. During the relevant time period, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

91. During the relevant time period, Plaintiffs' and the other class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

members' rest periods were missed, short, late, and/or interrupted because Defendants required them to perform work duties during their purported rest periods, including, but not limited to, providing customer service, responding to business-related inquiries, and remaining on-premises.

92.    As a result, Defendants failed to provide, authorize, or permit Plaintiffs and the other class members to take a full, uninterrupted, off-duty rest period for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

93.    During the relevant time period, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

94.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

95.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

96.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

## **FOURTH CAUSE OF ACTION**

### **(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

### **(Against C & J CLARK RETAIL, INC. and DOES 1 through 100)**

97.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 96, and each and every part thereof with the same force and

effect as though fully set forth herein.

98.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

99.    During the relevant time period, Defendants failed to pay wages to Plaintiffs and the other class members, including but not limited to, minimum wages, overtime wages, meal and rest premiums, and reporting time pay, as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

100.    During the relevant time period, Plaintiffs and the other class members were required to perform job duties off-the-clock, including, but not limited to, performing opening and closing procedures, waiting to access timekeeping systems, providing customer service, responding to business-related inquiries, and remaining on-premises.

101.    During the relevant time period, Plaintiffs and the other class members were not compensated at the minimum wage for the time they spent performing job duties off the clock.

102.    Defendants' failure to pay Plaintiffs and the other class members the minimum wage and all wages due as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their unpaid wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

103.    Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

104.    Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against C & J CLARK RETAIL, INC. and DOES 1 through 100)

105.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 104, and each and every part thereof with the same force and effect as though fully set forth herein.

106.   At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

107.   During the relevant time period, Plaintiffs and the other class members were required to perform job duties off-the-clock, including, but not limited to, performing opening and closing procedures, waiting to access timekeeping systems, providing customer service, responding to business-related inquiries, and remaining on-premises.

108.   During the relevant time period, Plaintiffs and the other class members were not compensated at the minimum wage for the time they spent performing job duties off the clock.

109.   During the relevant time period, Plaintiffs and the other class members were not paid overtime wages owed to them for all the time they spent performing job duties off the clock in excess of eight (8) hours in a day, forty (40) hours in a week, or for the first eight (8) hours worked on the seventh day of work, as previously described.

110.   During the relevant time period, Plaintiffs and the other class members

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

25

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

were required to perform work duties, including, but not limited to, waiting to access timekeeping systems, providing customer service, responding to business-related inquiries, and remaining on-premises, which resulted in late, short, and/or interrupted meal periods.

111. During the relevant time period, Plaintiffs' and the other class members' rest periods were missed, short, late, and/or interrupted because Defendants required them to perform work duties during their purported rest periods, including, but not limited to, providing customer service, responding to business-related inquiries, and remaining on-premises.

112. During the relevant time period, Plaintiffs and the other class members were not paid the full meal period premium for work performed during meal periods, which were due pursuant to California Labor Code section 226.7.

113. During the relevant time period, Plaintiffs and other class members were not paid the full rest period premium for work performed during rest periods, which were due pursuant to California Labor Code section 226.7. As a result, during the relevant time period, Plaintiffs and the other class members did not receive all of their wages, earned and unpaid, within seventy-two (72) hours of leaving Defendants' employ.

114. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

115. Defendants' failure to pay Plaintiffs and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

116. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then

the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

117. Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## **SIXTH CAUSE OF ACTION**

### **(Violation of California Labor Code § 204)**

### **(Against C & J CLARK RETAIL, INC. and DOES 1 through 100)**

118. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 117, and each and every part thereof with the same force and effect as though fully set forth herein.

119. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

120. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

121. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

122. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

123.  Plaintiffs and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against C & J CLARK RETAIL, INC. and DOES 1 through 100)

124.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 123, and each and every part thereof with the same force and effect as though fully set forth herein.

125.  At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

126.  Defendants have intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to, the failure to include the total number of hours worked by Plaintiffs and the other class members.  Because Plaintiffs' and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

the other class members' wage statements did not reflect this information, Plaintiffs and the other class members were unable to determine the total amount they were owed, and were unable to verify they were paid the proper amount. In order to determine how much Plaintiffs and the other class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information.

127. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

128. More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

129. Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

130. Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## **EIGHTH CAUSE OF ACTION**

### **(Violation of California Labor Code § 1174(d))**

### **(Against C & J CLARK RETAIL, INC. and DOES 1 through 100)**

131. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 130, and each and every part thereof with the same force and effect as though fully set forth herein.

29

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

132.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

133.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiffs and the other class members.

134.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

135.   More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against C & J CLARK RETAIL, INC. and DOES 1 through 100)

136.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 135, and each and every part thereof with the same force and effect as though fully set forth herein.

137.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

138.   Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including but not limited to, the use of personal phones and personal vehicles for business-related matters, the purchasing and maintaining of clothing and footwear in compliance with Defendant's dress code, and the purchasing of tools, supplies, and equipment.

139.   Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

140.   Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against C & J CLARK RETAIL, INC. and DOES 1 through 100)**

141.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 140, and each and every part thereof with the same force and effect as though fully set forth herein.

142.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors.   Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

143.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

144.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiffs and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

145.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

146.    Plaintiffs and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

147.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences July 16, 2015; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2698, et seq.)**

**(Against C & J CLARK RETAIL, INC. and DOES 1 through 100)**

148.    Plaintiffs incorporate by reference the allegations contained in

paragraphs 1 through 147, and each and every part thereof with the same force and effect as though fully set forth herein.

149.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

150.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

151.   Plaintiffs and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

**Failure to Pay Overtime**

152.   Defendants' failure to pay legally required overtime wages to Plaintiffs (including at the regular rate of pay when required by law) and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

**Failure to Provide Meal Periods**

153.   Defendants' failure to provide legally required meal periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

**Failure to Provide Rest Periods**

154.   Defendants' failure to provide legally required rest periods to

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

155.   Defendants' failure to pay legally required minimum wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Pay Reporting Time Pay

156.   Defendants' failure to pay reporting time pay to Plaintiffs and the other aggrieved employees in violation of the Wage Orders and by California Code section 1198 and constitutes unlawful and/or unfair activity prohibited by the Wage Orders and by California Labor Code section 1198.

### Failure to Provide a Day of Rest

157.   Defendant's failure to provide a day of rest to Plaintiffs and the other aggrieved employees is in violation of California Labor Code sections 551 and 552 and constitutes unlawful or unfair activity prohibited by California Labor Code 1198.

### Failure to Timely Pay Wages Upon Termination

158.   Defendants' failure to timely pay wages to Plaintiffs and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

### Failure to Timely Pay Wages During Employment

159.   Defendants' failure to timely pay wages to Plaintiffs and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

### Failure to Provide Complete and Accurate Wage Statements

160.   Defendants' failure to provide complete and accurate wage statements to Plaintiffs and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

### Failure to Keep Complete and Accurate Payroll Records

161.   Defendants' failure to keep complete and accurate payroll records relating to Plaintiffs and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

### Failure to Reimburse Necessary Business-Related Expenses and Costs

162.   Defendants' failure to reimburse Plaintiffs and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

163.   Pursuant to California Labor Code section 2699, Plaintiffs, individually, and on behalf of all aggrieved employees, request and are entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

    a.   Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

    b.   Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c.  Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d.  Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

164.  Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

165.  Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, request a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees

pursuant to the California Private Attorneys General Act, pray for relief and judgment against Defendants, jointly and severally, as follows:

## Class Certification

1. That this action be certified as a class action as to the first ten causes of action;

2. That Plaintiffs be appointed as the representatives of the Class as to the first ten causes of action;

3. That counsel for Plaintiffs be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all class members.

## As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

## As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.

Plaintiffs and the other class members;

11.    That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.    For all actual, consequential, and incidental losses and damages, according to proof;

13.    For premium wages pursuant to California Labor Code section 226.7(c);

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein; and

16.    For such other and further relief as the Court may deem just and proper.

## As to the Third Cause of Action

17.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

18.    That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For premium wages pursuant to California Labor Code section 226.7(c);

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.    For such other and further relief as the Court may deem just and proper.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Fourth Cause of Action

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other class members in the amount as may be established according to proof at trial;

26.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

29.     For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;

31.     For all actual, consequential, and incidental losses and damages, according to proof;

32.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs and the other class members who have left Defendants' employ;

33.     For pre-judgment interest on any unpaid compensation from the date

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

such amounts were due; and

34.    For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

35.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiffs and the other class members;

36.    For all actual, consequential, and incidental losses and damages, according to proof;

37.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.    For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

39.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.    For actual, consequential, and incidental losses and damages, according to proof;

41.    For statutory penalties pursuant to California Labor Code section 226(e);

42.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

43.    For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

44.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiffs and the other class members as required by California Labor Code section 1174(d);

45.    For actual, consequential, and incidental losses and damages, according to proof;

46.    For statutory penalties pursuant to California Labor Code section 1174.5; and

47.    For such other and further relief as the Court may deem just and proper.

## As to the Ninth Cause of Action

48.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.    For actual, consequential, and incidental losses and damages, according to proof;

50.    For the imposition of civil penalties and/or statutory penalties;

51.    For reasonable attorneys' fees and costs of suit incurred herein; and

52.    For such other and further relief as the Court may deem just and proper.

## As to the Tenth Cause of Action

53.    That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the other class members all minimum, overtime, and reporting time compensation and meal and rest period premiums due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay at least minimum wages to Plaintiffs and the other class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

members, failing to pay Plaintiffs' and the other class members' wages timely as required by California Labor Code, including *inter alia*, sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 551, 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800, and 2802, and Industrial Welfare Commission Wage Orders, including *inter alia*, 1-2001, 4-2001, and 7-2001.

54.   For restitution of unpaid wages to Plaintiffs and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

55.   For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

56.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.   For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58.   For such other and further relief as the Court may deem just and proper.

Dated:                              **LAWYERS *for* JUSTICE, PC**

By:  /s/Joanna Ghosh
     Joanna Ghosh
     *Attorneys for* Plaintiffs Mackensie Biddle and Jessa Naluz

Dated:                              **BIBIYAN LAW GROUP, P.C.**

By:  /s/David B. Bibiyan
     David B. Bibiyan
     Vadang J. Patel
     *Attorneys for* Plaintiff Evangeline D. Gaston

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203