1  Edwin Aiwazian (Cal. State Bar No. 232943)
       *edwin@calljustice.com*
2  Joanna Ghosh (Cal. State Bar No. 272479)
       *joanna@calljustice.com*
3  Helene Mayer (Cal. State Bar No. 332975)
       *helene@calljustice.com*
4  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
5  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
6

7  *Attorneys for* Plaintiffs Mackensie Biddle and Jessa Naluz

8  *[Additional Counsel on next page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENSIE BIDDLE, JESSA NALUZ, EVANGELINE D. GASTON, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>        Plaintiffs,<br><br>   vs.<br><br>C & J CLARK RETAIL, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 8:24-cv-01131-JWH-ADS<br><br>Honorable John W. Holcomb<br>Courtroom 9D<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declarations of Proposed Class Counsel (Helene Mayer and Vadang J. Patel); Declarations of Proposed Class Representatives (Mackensie Biddle, Jessa Naluz, and Evangeline D. Gaston); and [Proposed] Order filed concurrently herewith]<br><br>Date:        March 21, 2025<br>Time:        9:00 a.m.<br>Courtroom:  9D<br><br>Complaint Filed:  July 16, 2019<br>Action Removed:  August 12, 2019<br>FAC Filed:       August 21, 2019<br>SAC Filed:       November 15, 2019<br>FAC Filed:       January 6, 2021<br>4AC Filed:       May 28, 2024<br>Trial Date:      None Set |

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

David D. Bibiyan (Cal. State Bar No. 287811)
*david@tomorrowlaw.com*
Vadang J. Patel (Cal. State Bar No. 328647)
*vedang@tomorrowlaw.com*
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Boulevard
Los Angeles, CA  90024
Tel: (310) 438-555 / Fax: (310) 300-1705

*Attorneys for* Plaintiff Evangeline D. Gaston

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91 203

---

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 21, 2025 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable John W. Holcomb in Courtroom 9D of the United States District Court for the Central District of California, located at Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701, Plaintiffs Mackensie Biddle ("Plaintiff Biddle"), and Jessa Naluz ("Plaintiff Naluz"), and Evangeline D. Gaston ("Plaintiff Gaston") (collectively, "Plaintiffs") will and hereby do move for an order:

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the parties' Joint Stipulation of Class and Representative Action Settlement and Release ("Settlement," "Agreement," or "Settlement Agreement"), attached as "**EXHIBIT 1**" to the Declaration of Helene Mayer in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, including and not limited to, the means of allocation and distribution the Maximum Settlement Amount and the Net Settlement Amount, and the allocations for Attorneys' Fees and Costs, Class Representative Enhancement Payments, PAGA Allocation, and Settlement Administration Costs;

- Conditionally certifying the proposed Class for settlement purposes only;

- Appointing Plaintiffs Mackensie Biddle, Jessa Naluz, and Evangeline D. Gaston as Class Representatives;

- Appointing Lawyers *for* Justice, PC and Bibiyan Law Group, P.C as Class Counsel;

- Approving the proposed Notice of Class and Representative Action Settlement ("Notice Packet"), attached as "**EXHIBIT A**" to the Proposed Order;

- Appointing Simpluris, Inc. as the Settlement Administrator to handle the notice and administration process for the Settlement and preliminarily

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91 203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

approving Settlement Administration Costs;

- Directing the Settlement Administrator to mail the Notice Packet to the proposed Class;

- Approving the proposed deadlines for the notice and administration process as reflected herein and in the Settlement Agreement; and

- Scheduling a hearing to consider final approval of the Settlement, at which time the Court will also consider whether to grant final approval of the requests for an award of the Attorneys' Fees and Costs, Class Representative Enhancement Payments, and Settlement Administration Costs.

This motion is based upon the following memorandum of points and authorities; the Declarations of Proposed Class Counsel (Helene Mayer and Vadang J. Patel) and Proposed Class Representatives (Mackensie Biddle, Jessa Naluz, and Evangeline D. Gaston) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion

Dated: January 2, 2025    **LAWYERS *for* JUSTICE, PC**

By:  _Helene Mayer_____

Helene Mayer
*Attorneys for* Plaintiffs Mackensie Biddle
and Jessa Naluz

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## <u>TABLE OF CONTENTS</u>

I.      SUMMARY OF MOTION ..................................................................... 1

II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..... 2

III.    REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT

        ..................................................... Error! Bookmark not defined.

IV.     SUMMARY OF THE SETTLEMENT TERMS ............................. 6

        A.      The Class for Settlement Purposes ............................................. 6

        B.      Essential Terms of the Settlement ............................................... 6

        C.      Calculation of Individual Settlement Shares ............................. 7

        D.      Calculation of Individual PAGA Payments ............................. 8

        E.      Request for Exclusion and Objection Procedures .................... 9

        F.      Scope of the Release ................................................................. 10

V.      THE LEGAL STANDARD FOR PRELIMINARY APPROVAL

        OF THE CLASS ACTION SETTLEMENT ................................... 11

VI.     THE SETTLEMENT SHOULD BE PRELIMINARILY

        APPROVED ...................................................................................... 12

        A.      The Settlement Resulted from Arm's Length Negotiations and

                Extensive Investigation and Discovery ..................................... 13

        B.      The Settlement Is Fair, Reasonable, and Adequate ............... 14

        C.      The Settlement Is of Significant Value and Within the Range

                of Approval ................................................................................ 16

                1.      *The allocation for the Service Award is reasonable.* ...... 17

                2.      *The allocations for the Class Counsel Award are*

                        *reasonable.* ............................................................... 18

VII.    CERTIFICATION OF THE PROPOSED CLASS IS

        APPROPRIATE UNDER RULE 23 ............................................... 20

        A.      Numerosity .................................................................................. 20

        B.      Commonality ............................................................................. 21

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91 203

i

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

C.    **Typicality** ..................................................................... 21

D.    **Adequacy of Representation** ........................................ 22

    1.    *Appointment of Class Representative.* ............................ 22

    2.    *Appointment of Class Counsel.* ..................................... 23

E.    **Predominance and Superiority** .................................... 23

VIII.    **ADEQUACY OF THE METHOD OF NOTICE** ................... 24

IX.    **APPOINTMENT OF ATTICUS ADMINISTRATION, LLC AS THE SETTLEMENT ADMINISTRATOR** ..................................... 25

XI.    **CONCLUSION** ................................................................ 27

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91 203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## TABLE OF AUTHORITIES

Page(s)

*Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) ................................................. 17

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011) ..................................... 19

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974).............................. 23

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) .................................................. 18

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ........................... 23

*Johnson v. California*, 543 U.S. 499, 504–05 (2005)............................................. 19

Treatises

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997).................... 20, 21

*Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) .................................. 19, 20

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) .......................................................................................................... 15

*Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) ......................................... 19

*Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014) ............................. 15

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)................... 22

*Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013)... 17

*Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014) .................................................................................... 15

*Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123, 1127 (C.D. Cal. 2008) ... 17

*In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226, 232 (2d Cir. 1987) ......... 17

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992) .......................................................................................................... 19

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)..... 16

*In re Hill*, 775 F.2d 1037 (9th Cir. 1985) .............................................................. 17

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) .............. 15, 20

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013)............. 18

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014) ........................................................................................................... 15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91 203

iii

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) .................................................................................................................. 17

*Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002) ......................... 17

*Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016) ................... 16

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) ..... 14

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008) .............. 19

*Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980) ......................... 22

*Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014)......................................................................................... 14

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)........ 17

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ............................................................................................................... 17

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996) ............................................................................................................... 22

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) ............................................................................................................... 17

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ............................................................................................................... 17

*Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003).................................. 15, 17

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).................. 18

*Van Vranken*, 901 F.Supp. at 297 ....................................................................... 17

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010).. 17

*Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) ....................................................... 12

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .................... 16, 17, 18

*Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987) ..................................... 20

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997) ............... 17

Regulations

*Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 253 (2001) ................... 16

Rules

Federal Rule of Civil Procedure  23(a) ........................................................ 18, 19

Federal Rule of Civil Procedure  23(a)(1) ........................................................... 18

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

iv

Federal Rule of Civil Procedure  23(a)(4) ........................................................... 20

Federal Rule of Civil Procedure  23(b) ............................................................... 18

Federal Rule of Civil Procedure  23(b)(3) ...........................................................21

Federal Rule of Civil Procedure  23(c)(2) ........................................................... 23

Federal Rule of Civil Procedure 23(c)(2)(B) .................................................. 22, 23

Federal Rule of Civil Procedure 23(h) ................................................................ 16

Other Authorities

*Manual for Complex Litig., Fourth* § 21.132 ..................................................... 20

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiffs Mackensie Biddle, Jessa Naluz, and Evangeline D. Gaston ("Plaintiffs") respectfully request that this Court grant preliminary approval of the Joint Stipulation of Class and Representative Action Settlement and Release ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiffs, individually and on behalf of all others similarly situated and other aggrieved employees, and Defendant C & J Clark Retail, Inc. ("Defendant") (together, the "Parties"). Subject to Court approval, Plaintiffs and Defendant have agreed to settle this lawsuit for a Maximum Settlement Amount of Three Million Two Hundred Fifty Thousand Dollars and Zero Cents ($3,250,000.00)[1] on a non-reversionary basis.

The parties reached the Settlement after engaging in significant formal and informal discovery, investigations, and arm's-length negotiations. The Settlement resulted from a formal mediation conducted by David A. Rotman, Esq., a well-respected mediator who is experienced in wage-and-hour class actions. The Settlement satisfies the criteria for approval and falls within the range of possible approval under federal and California law. Additionally, the proposed Notice Packet[2] provides the best notice practicable under the circumstances and will allow each Class Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it. Accordingly, Plaintiffs move the Court to grant preliminary approval of the Settlement and the allocations for Attorneys' Fees and Costs, Class Representative Enhancement Payments, and Settlement Administration Costs;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

[1] Settlement Agreement, ¶ 25. A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Helene Mayer in Support of Plaintiffs' Motion For Class Action Settlement ("Mayer Decl."). Defendant has represented that there are approximately 76,157 Workweeks from July 16, 2015 to October 19, 2021. In the event the number of Workweeks during the Class Period is more than 83,773 (i.e., greater than 10% more than 76,157), then the Net Settlement Amount shall be increased proportionately. See *id.*, ¶ 73.

[2] The Notice of Class and Representative Action Settlement (i.e., Notice Packet) is attached as "Exhibit A" to the Proposed Order, filed concurrently herewith.

conditionally certify the proposed Class for settlement purposes; direct distribution of the Notice Packet; and set a Final Approval Hearing.

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendant is a retailer of footwear, clothing, and accessories for men, women, and children without multiple locations nationwide.  Plaintiff Biddle was employed by Defendant as an hourly-paid Assistant Store Manager from approximately July 2018 to approximately October 2018.   Declaration of Mackenzie Biddle filed concurrently herewith ("Biddle Decl.") ¶ 2.   Plaintiff Naluz was employed by Defendant as an hourly-paid Team Lead from approximately April 2018 to approximately March 2020.  Declaration of Jessa Naluz filed concurrently herewith ("Naluz Decl.") ¶ 2.  Plaintiff Gaston was employed by Defendant as an hourly-paid Assistant Manager from approximately 2003 to May 2019.   Declaration of Evangeline Gaston filed concurrently herewith ("Gaston Decl.") ¶ 3.

On or about June 11, 2019, Plaintiff Biddle provided written notice to the Labor & Workforce Development Agency ("LWDA") alleging, among other things, that Defendant failed to pay employees all wages owed, including overtime; failed to provide meal and rest breaks; failed to pay premiums for missed meal and rest breaks; failed to provide accurate wage statements; failed to keep requisite payroll records; failed to pay wages timely during employment and upon termination; and failed to reimburse business expenses ("Biddle LWDA Notice").  The Biddle LWDA Notice was assigned case number LWDA-CM-704919-19.

On or about July 16, 2019, Plaintiff Biddle filed her Class Action Complaint for Damages in the Superior Court of California, County of Orange, where the case was assigned Case No. 30-2019-01083460-CU-OE-CXC, entitled Mackensie Biddle v. C & J Clark Retail, Inc. (the "Action"), alleging the following purported causes of action: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code 226.7 (Unpaid Rest Period

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Premiums); (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (8) Violation of California Labor Code § 1174(d) (Failure to Keep Requisite Payroll Records); (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); and (10) Violation of California Business & Professions Code §§ 17200, et seq.

On or about August 12, 2019, Plaintiff Gaston provided written notice to the LWDA and Defendant of the specific provisions of the California Labor Code that were violated ("Gaston LWDA Notice"). The Gaston LWDA Notice was assigned LWDA case number LWDA-CM-730707-19.

On or about August 12, 2019, Plaintiff Gaston filed her Class Action complaint in the Superior Court of California, County of Riverside, where the case was assigned Case No. RIC1904224, entitled Evangeline D. Gaston v. C & J Clark Retail, Inc. ("*Gaston* Class Action"), alleging the following purported causes of action: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Due Wages at Termination; (4) Wage Statement Violations; (5) Violation of Labor Code § 2802; and (6) Violation of Business and Professions Code § 17200, et seq.

On or about August 21, 2019, Plaintiff Biddle filed a First Amended Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. in the Action to assert an eleventh purported cause of action for Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004) ("PAGA").

On or about August 22, 2019, Defendant removed the Action to the United States District Court, Central District of California, Southern Division ("Court"), pursuant to the Class Action Fairness Act ("CAFA"), where the case was assigned

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91 203

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case No. 8:19-cv-01624-JWH-ADS.

On or about October 16, 2019, Plaintiff Gaston filed her Representative Action Complaint in the Superior Court of California, County of Riverside, where the case was assigned Case No. RIC1905210, entitled Evangeline D. Gaston v. C & J Clark Retail, Inc. ("*Gaston* PAGA Action"), alleging the following purported causes of action under PAGA: (1) Civil Penalties Under Labor Code § 226.3; (2) Civil Penalties Under Labor Code § 558; (3) Civil Penalties Under Labor Code § 1197.1; and (4) Civil Penalties Under Labor Code § 269.

On or about November 15, 2019, Plaintiff Biddle filed her Second Amended Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. in the Action.

On or about January 6, 2021, Plaintiff Biddle filed her Third Amended Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. in the Action.

On or about July 27, 2021, the parties to the Action filed a Stipulation of Dismissal Without Prejudice and Tolling Agreement and [Proposed] Order on Stipulation of Dismissal Without Prejudice and Tolling Agreement.

On or about July 29, 2021, the Court entered an Order on Stipulation of Dismissal Without Prejudice and Tolling Agreement, which ordered that the Action is dismissed without prejudice, and that Plaintiff shall re-file the lawsuit, if at all, pursuant to Central District Local Rules 83-1.2.2 and 83-1.3.

On or about August 24, 2021, Plaintiff Naluz provided written notice to the LWDA and Defendant of the specific provisions of the California Labor Code that were violated ("Naluz LWDA Notice").  The Naluz LWDA Notice was assigned LWDA case number LWDA-CM-842413-21.

On or about October 28, 2021, Plaintiff Naluz filed her Complaint for Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. in the Superior Court of California, County of Orange, where the case

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91 203

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

was assigned Case No. 30-2021-01228785-CU-OE-CXC, entitled Jessa Naluz v. C & J Clark Retail, Inc. ("*Naluz* PAGA Action"), alleging a single purported cause of action for violation of PAGA, based on the following allegations: (1) Failure to Pay Overtime; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4) Failure to Pay Minimum Wages; (5) Failure to Timely Pay Wages Upon Termination; (6) Failure to Timely Pay Wages During Employment; (7) Failure to Provide Complete and Accurate Wage Statements; (8) Failure to Keep Complete and Accurate Payroll Records; and (9) Failure to Reimburse Necessary Business-Related Expenses and Costs.

As part of the settlement, the Parties agreed that approval will be sought before this Court and that Plaintiff Biddle would file a Fourth Amended Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("Fourth Amended Complaint") to add Plaintiff Gaston and Plaintiff Naluz as named plaintiffs and consolidate the claims of the Action, *Gaston* Class Action, *Gaston* PAGA Action, and *Naluz* PAGA Action.

On or about May 28, 2024, Plaintiffs filed the Fourth Amended Complaint, under a new case number, which commenced the above-referenced action.

Plaintiffs' core allegations are that Defendant violated the California Labor Code, California Business and Professions Code, and the Fair Labor Standards Act ("FLSA") by, *inter alia*, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods or pay associated premiums, failing to timely pay wages during employment and upon termination and associated waiting time penalties, failing to provide complaint wage statements, failing to maintain requisite payroll records, and failing to reimburse necessary business-related expenses. Plaintiffs contend that Defendant's conduct constitutes unfair business practices and gives rise to penalties under PAGA. Plaintiffs further allege that Defendant's failure to properly pay all compensation due, arises from, *inter alia*, Defendant's practices and policies which required Class Members to work before

clocking in for their shifts and after clocking out of their shifts.  As a result, Plaintiffs contend that they and the Class Members are entitled to, *inter alia*, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendant denies any liability of any kind associated with the claims and allegations, and further denies that Plaintiffs or the Class Members are entitled to any relief.  Defendant also denies that this case is appropriate for class or representative treatment for any purpose other than the Settlement.  Defendant maintains, among other things, that it has complied with federal and California laws in all respects.

On November 8, 2021, the parties participated in a private mediation before David A. Rotman, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters, which was the second mediation session in this matter.  With the aid of the mediator's evaluations, the parties reached the Settlement to resolve the above-captioned action ("Action").

## III.   SUMMARY OF THE SETTLEMENT TERMS

### A.    The Class for Settlement Purposes

For settlement purposes only, the Parties agree to class action certification of the following:

> All current and former hourly-paid or non-exempt employees of Defendant who worked in the State of California at any time during the Class Period ("Class" or "Class Members").  Settlement Agreement ¶ 7.

The period from July 16, 2015, through April 14, 2022 is the "Class Period." *Id.*, ¶ 8.

As discussed in Section V, *infra*, conditional class certification is appropriate with respect to the Settlement.

### B.    Essential Terms of the Settlement

Defendant will pay a Maximum Settlement Amount of Three Million Two Hundred Fifty Thousand Dollars and Zero Cents ($3,250,000.00) on a non-reversionary basis.  Settlement Agreement, ¶ 25.  The Net Settlement Amount means

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

the amount remaining after deducting the following from the Maximum Settlement Amount: (1) attorneys' fees of up to Thirty-Five Percent (35%) (i.e., One Million One Hundred Thirty-Seven Thousand Five Hundred Dollars and Zero Cents ($1,137,500.00)) and reimbursement of litigation costs and expenses of up to Thirty-Five Thousand Dollars and Zero Cents ($35,000) to Class Counsel ("Attorneys' Fees and Costs,"); (2) Class Representative Enhancement Payments of up to Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) to each Plaintiff (total, $22,500.00); (3) Two Hundred Sixty-Nine Thousand Dollars and Zero Cents ($269,000.00) allocated for the resolution of the claim for violation of the Private Attorneys General Act of 2004 ("PAGA Allocation"); and (4) Settlement Administration Costs, which are currently estimated not to exceed Sixteen Thousand Dollars and Zero Cents ($16,000).  *Id.*, ¶¶ 3, 10, 27, 32, & 44.  Assuming the allocations towards these payments are awarded in full, the Net Settlement Amount that will be available to be allocated to Class Members who do not submit valid and timely Requests for Exclusion ("Settlement Class Members") is currently estimated to be at least One Million Seven Hundred Seventy Thousand Dollars and Zero Cents ($1,770,000.00).  *Id.*, ¶¶ 27 & 45.  The entire Net Settlement Amount will be distributed to Settlement Class Members based upon their Workweeks (defined *infra*) based on an equal *pro rata* portion, and the entire PAGA Allocation will be distributed to the State of California and PAGA Aggrieved Employees, based on their Workweeks, and no portion of the Maximum Settlement Amount shall revert to Defendant.  *Id.*, ¶¶ 48 & 49.

## C.    Calculation of Individual Settlement Shares

The Settlement Administrator shall calculate each Class Member's estimated Individual Settlement Share[3], as follows:

> The Settlement Administrator will divide the Net Settlement Amount by the total Workweeks of all Class Members during the

---

[3] Individual Settlement Shares are the *pro rata* shares from the Net Settlement Amount that a Class Member may be eligible to receive for the Class Settlement. Settlement Agreement, ¶ 23. See *id.*, ¶ 11 for the definition of Class Settlement.

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Class Period to yield the "Class Workweek Value," and multiply each Class Member's individual Workweeks during the Class Period by the Class Workweek Value to yield their estimated Individual Settlement Share.[4]  Settlement Agreement, ¶ 48.

Individual Settlement Payments[5] shall be allocated as one-third (1/3) wages and two-thirds (2/3) penalties, interest, and non-wage damages. *Id.*, ¶ 63.  The wages portion will be reported on an IRS Form W-2, and the portions allocated as penalties, interest, and other non-wage damages will be reported on an IRS Form-1099 (if applicable).  *Ibid.*  The Individual Settlement Shares will be reduced by any required deductions for the employee-side deductions for the wages portion. *Ibid*.  The Settlement Administrator will issue checks to Settlement Class Members for their Individual Settlement Payment (i.e., payment of their Individual Settlement Share net of these taxes and withholdings).  *Ibid.*  Employer payroll taxes and contributions (including but not necessarily limited to FICA, FUTA, etc.) on the wages portion of the Individual Settlement Shares ("Employer Taxes") shall be paid by Defendant in addition to the Maximum Settlement Amount.  *Id.*, ¶¶ 16 & 63.

### D.  Calculation of Individual PAGA Payments

The Settlement Administrator shall calculate each PAGA Aggrieved Employee's estimated Individual PAGA Payment[6] (if he or she is eligible to receive payment thereof), as follows:

---

[4] Workweeks are defined as number of weeks that a Class Member worked for Defendant as an hourly paid or non-exempt employee in California at any time during the Class Period.  Defendant will calculate the number of Workweeks by calculating the number of days each Class Member worked during the Class Period, dividing by seven (7), and rounding up or down to the nearest whole number, as appropriate (for example, 7.50 would round to 8; 7.49 would round to 7). See *id.*, ¶ 46.

[5] Individual Settlement Payments are the net payments of each Settlement Class Member's Individual Settlement Share, after reduction for the employee's share of taxes and withholdings with respect to the wages portion of the Individual Settlement Share. See *id.*, ¶ 22.

[6] Individual PAGA Payments are PAGA Aggrieved Employees' *pro rata* shares of the PAGA Aggrieved Employee Amount that a PAGA Aggrieved Employee is eligible to receive for the PAGA Settlement, *id.,* ¶ 21. See *id.,* ¶ 34 for the definition of PAGA Settlement.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

The Settlement Administrator will divide the PAGA Aggrieved Employee Amount by the total number of Workweeks of all PAGA Aggrieved Employees during the PAGA Period to yield the "PAGA Workweek Value," and multiply each PAGA Aggrieved Employee's individual Workweeks during the PAGA Period by the PAGA Workweek Value to yield their Individual PAGA Payment. Settlement Agreement, ¶ 49.

### E. Request for Exclusion, Notice of Objection, and Workweeks Dispute Procedures

Class Members may opt out of the Class Settlement by submitting a Request for Exclusion, by mail, to the Settlement Administrator. Settlement Agreement, ¶ 58. A Request for Exclusion must: (a) contain the case name and number of the Action; (b) contain the full name, signature, address, telephone number, and last four (4) digits of the Social Security Number of the Class Member requesting exclusion; (c) clearly state that the Class Member does not wish to be included in the Class Settlement; and (d) be submitted by mail to the Settlement Administrator at the specified address, postmarked on or before the date that is forty-five (45) calendar days from the initial mailing of the Notice Packet ("Response Deadline"). *Id.*, ¶¶ 41 & 42.

Settlement Class Members (i.e., Class Members who have not submitted a valid and timely Request for Exclusion) may submit written Notices of Objection, by mail, to the Settlement Administrator, and/or appear at the Final Approval Hearing to state any objections to the Class Settlement. *Id.*, ¶¶ 45 & 59. The Notice of Objection must: (a) contain the case name and number of the Action; (b) contain the objector's full name, signature, address, telephone number, and last four (4) digits of Social Security number; (c) contain a written statement of all grounds for objection, accompanied by any legal support for such objection; (d) contain copies of any papers, briefs, or other documents upon which the objection is based; and (e) be submitted by mail to the Settlement Administrator at the specified address, postmarked on or before the Response Deadline. *Id.*, ¶ 28.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91 203

9

1    The Notice Packet will include the procedure by which a Class Member may

2    dispute the number of Workweeks allocated to him or her by submitting a timely and

3    valid written letter ("Workweeks Dispute"), which must: a) contain the case name

4    and number of the Action; (b) contain the Class Member's full name, signature,

5    address, telephone number, and last four (4) digits of Social Security number; (c)

6    clearly state that the Class Member disputes the number of Workweeks credited to

7    them and what they contend is the correct number to be credited to them; (d) attach

8    any documentation that they have to support the dispute; and (e) be submitted by mail

9    to the Settlement Administrator at the specified address, postmarked on or before the

10   Response Deadline. *Id.*, ¶¶ 47 & 56.

11   **F.    Scope of the Release**

12       The Released Class Claims that are the subject of the Settlement are:

13   [A]ny and all claims under state, federal, or local law, whether statutory or
     common law claims that were alleged in the Operative Complaint or
14   reasonably could have been alleged based on the facts contained in the
     Operative Complaint, arising during the period from July 16, 2015 through
15   the date of preliminary approval of the Settlement Agreement, including but
     not limited to claims under the California Labor Code, California Industrial
16   Welfare Commission Wage Orders, regulations, and/or other provisions of
     law, for: (a) failure to pay overtime wages; (b) failure to pay minimum
17   wages; (c) failure to provide compliant meal periods and associated
     premiums; (d) failure to provide compliant rest premiums and associated
18   premiums; (e) failure to timely pay wages during employment; (f) failure to
     timely pay wages at time of termination; (g) failure to provide compliant
19   wage statements; (h) failure to keep requisite payroll records; (i) failure to
     reimburse necessary business-related expenses; (j) unfair or unlawful
20   business practices pursuant to California Business and Professions Code §§
     17200 *et seq.* based on the aforementioned, and (k) violation of the Fair
21   Labor Standards Act (29 U.S.C. § 201, *et seq.*). Settlement Agreement, ¶ 38.

22       The Released PAGA Claims that are the subject of the Settlement are:

23   [A]ny and all claims for civil penalties under the Private Attorneys General
     Act of 2004, California Labor Code § 2698, *et seq.*, that were alleged in the
24   Operative Complaint or reasonably could have been alleged based on the
     facts contained in the Operative Complaint, arising during the arising during
25   the period from June 11, 2018 through the date of preliminary approval of

26

27

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91 203

the Settlement Agreement. Without limiting the foregoing, and in addition to the foregoing, the Released PAGA Claims include all penalties available under the Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* for the claims encompassed by the Released Class Claims. *Id.*, ¶ 39.

The Released Parties are Defendant, and any of its former and present parent companies, subsidiaries, divisions, concepts, related or affiliated companies, and its shareholders, officers, directors, exempt employees, agents, attorneys, insurers, reinsurers, successors, and assigns, and any individual or entity that could be liable for any of the Released Class Claims and Released PAGA Claims, and Defendant's counsel of record in the Actions. *Id.*, ¶ 40.

Upon the Effective Date[7] and full funding of the Maximum Settlement Amount, Plaintiffs and all Settlement Class Members, will be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged the Released Parties of any and all Released Class Claims, except that only those Settlement Class Members who cash or deposit their Individual Settlement Payment check shall be deemed to opt-in to the settlement and release of Released Class Claims that arise under the Fair Labor Standards Act. *Id.*, ¶ 68(a).

Upon the Effective Date and full funding of the Maximum Settlement Amount, Plaintiffs, the State of California with respect to all PAGA Aggrieved Employees, and all PAGA Aggrieved Employees will be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged the Released Parties of any and all Released PAGA Claims. *Id.*, ¶ 68(b).

## IV.   THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

Class action settlements require court approval. Fed. R. Civ. Proc. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a

---

[7] See Settlement Agreememt, ¶ 15, for the definition of the "Effective Date."

settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, Courts engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members, to determine whether final approval is appropriate. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, courts must approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In evaluating the fairness of the class action settlement, courts should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Id.*

## V.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would make it clear that a final approval hearing is not warranted. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As discussed below, the Settlement resulted from hard-fought litigation and extensive negotiations, and is fair and reasonable. Therefore, the Settlement should be preliminarily approved.

///

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

A.     <u>**The Settlement Resulted from Arm's Length Negotiations and**</u>
<u>**Extensive Investigation and Discovery**</u>

An initial presumption of fairness exists "if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation as class counsel is most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the parties actively litigated this case since it was commenced on July 16, 2019. Class Counsel conducted a thorough investigation into the facts and circumstances of the case and diligently investigated the allegations in this lawsuit. Declaration of Helene Mayer in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Mayer Decl."), ¶¶ 11-13. Class Counsel served formal written discovery requests and notices of deposition of Persons Most Knowledgeable designees (with accompanying requests for production of documents) on Defendant. *Id.*, ¶ 12. Plaintiffs and Class Counsel also prepared and provided Initial Disclosures to Defendant, and reviewed Defendant's Initial Disclosures. *Ibid.* Class Counsel reviewed a volume of documents and data obtained from Defendant, Plaintiffs, and other sources, including and not limited to, Plaintiffs' employment records, Class Members' time data, a detailed sampling of Class Members' payroll data, class datapoints, Defendant's Employee Handbook, checklists, acknowledgements, Defendant's operations and employment practices, procedures, and policies, forms, among other information and documents. *Ibid.* The parties exchanged information and documents formally and informally. *Id.*, ¶¶ 11-12. The parties also met and conferred on numerous occasions over issues relating to the pleadings, jurisdiction, discovery, and the production of documents and data prior to mediation. *Id.*, ¶ 12.

The parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, and participating in mediation conducted by David A.

13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Rotman, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. *Id.*, ¶ 11. During the mediation, the parties exchanged information and discussed various aspects of the case, including and not limited to, Plaintiffs' claims, the risks and delays of further litigation and of proceeding with certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, wage-and-hour enforcement, and PAGA representative claims, the evidence produced and analyzed, and the possibility of appeals, among other things. *Ibid.*

During all settlement discussions, the parties conducted their negotiations at arm's length from an adversarial position. *Ibid.* Arriving at a settlement that was acceptable to both parties was not easy. With the aid of the mediator's evaluations, the parties agreed that this case was well-suited for settlement given the legal issues relating to the claims, as well as the costs and risks to both sides that would attend further litigation. *Id.*, ¶¶ 11 & 18. The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, and/or appeals. *Id.*, ¶¶ 10, 12, 18, & 21.

The Settlement is based on this large volume of facts, evidence, and investigation, and the parties' negotiations during the mediation.[8] While the parties disagree over the merits and certifiability of Plaintiffs' claims, Plaintiffs and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class, State of California, and PAGA Aggrieved Employees, in light of all known facts and circumstances. *Id.*, ¶¶ 11, 13, & 21.

## B.   The Settlement Is Fair, Reasonable, and Adequate

The Maximum Settlement Amount of Three Million Two Hundred Fifty Thousand Dollars and Zero Cents ($3,250,000.00) represents a fair, reasonable, and

---

[8] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

adequate resolution of this lawsuit. Under the Settlement, the entire Net Settlement Amount will be distributed to Settlement Class Members and is currently estimated to be at least One Million Seven Hundred Seventy Thousand Dollars and Zero Cents ($1,770,000.00). Also, under the Settlement, the amount of Two Hundred Sixty-Nine Thousand Dollars and Zero Cents ($269,000.00) is allocated to resolution of the PAGA claim, of which Seventy-Five Percent (75%) of the PAGA Allocation, or $201,750.00, will be distributed to the State of California's Labor and Workforce Development Agency ("LWDA Payment") and Twenty-Five Percent (25%), or $67,250.00, will be distributed to PAGA Aggrieved Employees ("PAGA Aggrieved Employees Amount"). The amount of the Settlement is reasonable considering the risks relating to certification, liability, and the ability to recover monetary relief on a class-wide or representative basis. *Id.*, ¶¶ 11, 13, 18, & 21. Additionally, the Settlement guarantees a certain monetary recovery to Settlement Class Members in a reasonably short period of time, as opposed to waiting additional years for the same, or possibly, no recovery.

The Settlement was calculated using data and information obtained through case investigation, Defendant's removal papers, and formal and informal exchange of information in advance of and/or in the context of mediation and settlement negotiations. *Id.*, ¶¶ 11 & 12. Prior to the mediation, Class Counsel conducted extensive investigation into the claims. *Id.*, ¶¶ 11, 12, 13, 16, & 18. The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be obtained, and permitted a complete understanding of Defendant's employment policies, practices, and procedures. *Id.*, ¶¶ 12, 16, & 18. This information proved invaluable in negotiating a settlement amount that provides fair, adequate, and reasonable payment for the resolution of the class and PAGA claims. *Id.,* ¶ 21.

The parties have also considered the potential risks and rewards inherent in any case and, in particular, with this case. *Id.*, ¶¶ 11, 17, 18, 19, 21. Prior to the

mediation, Class Counsel performed extensive damages and valuation analysis based on class data and a sampling of data provided by Defendant. *Id.*, ¶¶ 12 & 18. During the mediation, Defendant contended, among other things, that its policies and practices fully complied with California law. *Id.*, ¶¶ 11 & 18.

Plaintiffs face numerous risks in continued litigation, including and not limited to, the risk of receiving no recovery if a class is not certified and/or no liability is found and the Court determining that adjudication on a representative or class basis is unmanageable and not appropriate. *Id.*, ¶¶ 13, 17, 18, & 21. Plaintiffs also face the real possibility that the amount recovered against Defendant after years of litigation and a lengthy and costly trial is less than the amount negotiated in this Settlement. *Ibid.*

Additionally, the Settlement is fair because it poses no risk of unequal treatment of any Class Member. Individual Settlement Shares will be calculated based upon each Class Member's Workweeks. Settlement Agreement, ¶ 48. Individual PAGA Payments will be calculated based upon each PAGA Aggrieved Employee's Workweeks. *Id.*, ¶ 49.

There is no reason to doubt the fairness of the proposed plan of allocation of the settlement funds for purposes of preliminary approval. Even at the final approval stage: "an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002). Considering the facts in this case, the amount of the Settlement represents a fair, reasonable, and adequate recovery for the Class, State of California, and PAGA Aggrieved Employees. Mayer Decl., ¶¶ 11, 13, 18 & 21.

## C. The Settlement Is of Significant Value and Within the Range of Approval

The Maximum Settlement Amount of Three Million Two Hundred Fifty

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Thousand Dollars and Zero Cents ($3,250,000.00) provides substantial monetary recovery to the Class Members, State of California, and PAGA Aggrieved Employees, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the other Settlement terms for which Plaintiffs requests approval and/or preliminary approval fall within the range of reasonableness, as discussed below.

          1.    *The allocation for the Class Representative Enhancement Payments is reasonable.*

Subject to Court approval, Plaintiffs will receive Class Representative Enhancement Payments of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) to each Plaintiff (total, $22,500.00). Settlement Agreement, ¶ 45. The Class Representative Enhancement Payments will be paid in addition to Plaintiffs' Individual Settlement Payments and/or Individual PAGA Payments. *Ibid.*

The trial court has discretion to award incentives to the class representatives.[9] Courts routinely approve incentive awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving incentive awards in the range of $2,000 to $25,000). "Incentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

---

[9] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

17

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Here, the contemplated Class Representative Enhancement Payments are fair

2   and appropriate and are well within the range of incentive payments awarded by

3   district courts.  *See id.*; *Angell v. City of Oakland*, 13 cv-00190 NC, 2015 WL 65501,

4   at *8 (N.D. Cal. Jan. 5, 2015) (approving $9,000 incentive awards); *Covillo*, 2014

5   WL 954516, at *8 (approving an $8,000 incentive award).

6    Plaintiffs spent considerable time and effort to produce relevant documents and

7   past employment records and provide the facts and evidence necessary to support the

8   allegations.  Mayer Decl., ¶ 12; Biddle Decl., ¶¶ 3-5; Naluz Decl., ¶¶ 3-5; Gaston

9   Decl., ¶¶ 9-15.  Plaintiffs were available whenever their counsel needed them and

10   tried to obtain and provide documents and information that would facilitate the

11   pursuit of the class and PAGA claims.  Biddle Decl., ¶¶ 3-5; Naluz Decl., ¶¶ 3-5;

12   Gaston Decl., ¶¶ 9-15.  Accordingly, it is appropriate and just for Plaintiffs to receive

13   reasonable Class Representative Enhancement Payments for their services on behalf

14   of the Class, State of California, and PAGA Aggrieved Employees.

15    2.    *The allocations for the Attorneys' Fees and Costs are reasonable.*

16    The Settlement establishes a Maximum Settlement Amount of Three Million

17   Two Hundred Fifty Thousand Dollars and Zero Cents ($3,250,000.00) and provides

18   for Class Counsel to apply for attorneys' fees in an amount of up to Thirty-Five

19   Percent (35%) of the Maximum Settlement Amount.  Settlement Agreement, ¶ 44.

20   Class Counsel will bring an appropriate motion in advance of the Final Approval

21   Hearing pursuant to Rule 23(h), and submit supporting evidence and documents.

22    Under California and Ninth Circuit precedent, a court has discretion to

23   determine attorneys' fees using either the lodestar method or the percentage-of-the-

24   fund method.[10]  District courts may adjust the twenty-five percent (25%) benchmark

---

[10] It is appropriate to calculate and award attorneys' fees as a percentage of a monetary funds that has, by litigation, been preserved or recovered for the benefit of others. *Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016); *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 253 (2001); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage method is based on the
*(Footnote continued)*

18

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

(observed by the Ninth Circuit) upward or downward if "the percentage recovery would be either too small or large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968; *Vizcaino*, 290 F.3d at 1048.  If a proposed class action settlement includes an award of attorneys' fees, courts must evaluate that fee award on a case-by-case basis in the overall context of the settlement, and an award above the twenty-five percent (25%) benchmark may be warranted.[11] In California, attorneys' fees tend to be awarded above the twenty-five percent (25%) federal benchmark.  *See Van Vranken*, 901 F.Supp. at 297 (holding that fee awards of 30-50% are more typical where the fund is less than $10 million); *Craft v. City of San Bernardino*, 624 F.Supp.2d 1123, 1127 (C.D. Cal. 2008) (holding that attorneys' fees in cases where the fund is below $10 million are often more than 25%). Moreover, "awards in the Central District are in the 20% to 50% range." *Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013).[12]

The goal is to award "reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).  In reviewing a fee award request, courts consider the following factors: (1) the results

---

amount of total recovery, as opposed to the total amount of claims made, and is well established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

[11] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d at 1048; *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).

[12] Other districts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in recovery of a common fund under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino*, 290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these factors, the most significant factor is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Here, the attorneys' fee award provided for by the Settlement is reasonable, particularly in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for five (5) years, with the possibility of an unsuccessful outcome and no fee recovery of any kind. Mayer Decl., ¶ 11. The ongoing work has been demanding and ultimately successful in achieving a substantial settlement. Given the strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel has achieved an excellent result in this lawsuit. Considering the amount of the fees to be requested, the work performed, and the risks incurred, the allocations for Attorneys' Fees and Costs provided for by the Settlement are reasonable and should be awarded. *See Vizcaino*, 290 F.3d at 1051.

## VI.   CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule 23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The proposed Class meets all of these requirements.

### A.   Numerosity

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement." *In re*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

According to information provided by Defendant, the proposed Class consists of approximately 2500 individuals.  Mayer Decl., ¶ 9.  The proposed Class is sufficiently numerous, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

### B.    Commonality

A settlement class has sufficient commonality "if there are questions of fact and law which are common to the class."  Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one common question of law or fact satisfies this requirement.[13] Commonality has been found to exist when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members[]" and divergent ways in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[14]  Here, the Class Members seek remedies under California's wage-and-hour laws for violations arising from common, uniform, and systematic practices which applied to all Class Members during the Class Period. *See* e.g., Mayer Decl., ¶¶ 16 & 18. Accordingly, the commonality requirement is satisfied for settlement purposes.

### C.    Typicality

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of

---

[13] *Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").
[14] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

21

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91 203

unnamed class members. *Armstrong*, 275 F.3d at 868-69. They need not be "identical." *Id.* at 869. Here, Plaintiffs' claims are typical of those of the Class Members, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories. Given the structure of the Settlement, the proposed Class satisfies the typicality requirement for settlement purposes as Plaintiffs' claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

### D. Adequacy of Representation

Rule 23(a)(4) requires that: (1) Class Representatives fairly and adequately protect the interests of the class, and (2) Class Counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000). The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)." [15] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

#### 1. *Appointment of Class Representative.*

Plaintiffs meet the requirements under Federal Rule of Civil Procedure 23(a)(4), for appointment to represent the Class. Plaintiffs' claims are typical of and align with those of Class Members, which are confined to a limited group of similarly-situated employees who worked for Defendant in the State of California during the Class Period. Also, Plaintiffs spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Mayer Decl., ¶ 12; Biddle Decl., ¶¶ 3-5; Naluz Decl., ¶¶ 3-5; Gaston Decl., ¶¶ 9-15. Plaintiffs were available whenever their counsel needed them and tried to obtain and provide documents and information that would

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

[15] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth Ed.* § 21.132 ("a settlement class must be cohesive").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   facilitate the pursuit of the class and PAGA claims.  Biddle Decl., ¶¶ 3-5; Naluz Decl.,

2   ¶¶ 3-5; Gaston Decl., ¶¶ 9-15.  As such, Plaintiffs have demonstrated that they have

3   and will continue to fairly and adequately represent the Class, and appointment of

4   Plaintiffs as Class Representatives is appropriate.

5            2.      *Appointment of Class Counsel.*

6            Class Counsel meet the requirements under Federal Rule of Civil Procedure

7   23(g), for appointment to represent the Class.  Class Counsel are highly experienced

8   in employment class action and complex wage-and-hour litigation, having handled

9   many cases before and having been appointed class counsel in many other cases.

10  Mayer Decl., ¶¶ 2-6.  Class Counsel's experience in litigating similar matters was

11  integral to obtaining the Settlement.  Class Counsel conducted extensive research,

12  investigation, and analysis of the potential value of the claims.  Mayer Decl., ¶¶ 11 &

13  18.  Class Counsel have committed and continue to commit significant financial and

14  staffing resources to the pursuit of the Action.  As such, appointment of Lawyers *for*

15  Justice, PC and Bibiyan Law Group, P.C. as Class Counsel is appropriate.

16  **E.    Predominance and Superiority**

17           The proposed Class meets the requirements of Rule 23(b)(3) for settlement

18  purposes because: (1) common questions predominate over questions that affect

19  individual members and (2) class resolution is superior to other available means of

20  adjudication.  When assessing predominance and superiority, a court may consider

21  that the proposed class will be certified for settlement purposes only. *See Amchem*

22  *Prods.,* 521 U.S. at 618-20.  Where the matter is being settled, a showing of

23  manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is

24  "whether the proposed classes are sufficiently cohesive to warrant adjudication by

25  representation."  *Id.* at 618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

26           Here, the proposed Class is sufficiently cohesive to warrant certification. For

27  settlement purposes, common questions of fact and law affecting Class Members

28  predominate over any questions that may affect only individual members.

For example, Defendant's alleged failure to properly pay their employees for all hours worked and provide compliant meal and rest periods are alleged to arise from Defendant's uniform policies, practices, and procedures.  As such, the questions of fact and law relating to these issues predominate.

Moreover, a class resolution is superior to other available means for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanism of dispute resolution." *Id.* Here, the alternative method of resolution is individual claims, subject to proof, for relatively small amounts of damages, which would be uneconomical for potential plaintiffs.  Therefore, a class resolution is superior to any other available methods.

## VII.  <u>ADEQUACY OF THE METHOD OF NOTICE</u>

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone and should neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

Here, the proposed Notice Packet provides the best notice practicable and is adequate.  It provides information on, *inter alia*, the nature of the Action, the definition of the Class, the terms of the Settlement, the scope of the Released Class Claims and Released PAGA Claims, the binding effect of the Settlement, and the allocations for the Attorneys' Fees and Costs, Class Representative Enhancement Payments, PAGA Allocation, and Settlement Administration Costs.  Each Class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Member's Notice Packet will state his or her number of Workweeks, estimated Individual Settlement Share, and estimated Individual PAGA Payment (if applicable). The Notice Packet summarizes the proceedings and provides the date, time, and place of the Final Approval Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

All Class Members can and will be identified by Defendant through a review of its records. Within fourteen (14) calendar days of receipt of the Class List from Defendant, the Settlement Administrator will update the addresses using the U.S. Postal Service's National Change of Address Database and mail a Notice Packet to each Class Member. Settlement Agreement, ¶ 54.[16] Accordingly, the proposed Notice Packet is adequate and is the best notice practicable under Rule 23(c)(2)(B).

The Notice Packet also fulfills the requirement of neutrality in class notices. The Notice Packet provides a brief, neutral explanation of the case from the perspective of both parties and recognizes that the Court has not yet granted final approval of the Settlement.[17] The Notice Packet sets forth in an accurate and informative manner the procedures and deadlines governing the submission of Requests for Exclusion, Notices of Objection, and Workweeks Disputes. The proposed Notice Packet satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality. Accordingly, the Court should approve the proposed Notice Packet.

## VIII. APPOINTMENT OF SIMPLURIS, INC. AS THE SETTLEMENT ADMINISTRATOR

The parties have selected Simpluris, Inc. ("Simpluris") as the Settlement

---

[16] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

[17] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Administrator to handle the notice and administration of the Settlement. Simpluris will mail a Notice Packet to each Class Member; receive, review, and process Requests for Exclusion, Notices of Objection, and Workweeks Disputes; calculate estimated Individual Settlement Shares, Individual Settlement Payments, and Individual PAGA Payments; withhold applicable taxes and withholdings; prepare and transmit necessary tax documentation and filings; and transmit all required payments. Settlement Agreement, ¶ 46. Simpluris will also handle inquiries from Class Members regarding the Settlement and perform any other usual and customary duties for administering a class action settlement.

Settlement Administration Costs are currently estimated not to exceed Sixteen Thousand Dollars and Zero Cents ($16,000) and will be paid out of the Maximum Settlement Amount subject to approval by the Court. Plaintiffs respectfully request that the Court appoint Simpluris as the Settlement Administrator and direct distribution of the Notice Packet in the manner and in accordance with the proposed schedule, set forth in the Settlement Agreement and discussed in Section VIII, *infra*.

## IX.   <u>DEADLINES FOR NOTICE AND ADMINISTRATION</u>

The Court is respectfully requested to approve the proposed deadlines for the notice and settlement administration process. Within sixty (60) calendar days following preliminary approval of the Settlement, Defendant will provide Simpluris a list of the following information for each Class Member: each Class Member's full name, most recent known mailing address and telephone number, Social Security number, dates of employment as an hourly-paid or non-exempt employee of Defendant in California during the Class Period and Workweeks during the Class and PAGA Period (collectively, "Class List"). Settlement Agreement, ¶¶ 6 & 53. Within fourteen (14) calendar days of receipt of the Class List, Simpluris will send a Notice Packet to each Class Member. *Id.*, ¶ 54. Prior to mailing the Notice Packets, Simpluris will perform a search based on the U.S. Postal Service's National Change of Address Database to update and correct any known or identifiable address changes

for Class Members. *Ibid.* Any Notice Packet returned as undeliverable on or before the Response Deadline, shall be re-sent within five (5) calendar days via First Class U.S. Mail to any available forwarding address. *Id.*, ¶ 54(a). If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace and will then perform a single re-mailing within five (5) calendar days after return of the Notice Packet. *Ibid.* Those Class Members who receive a re-mailed Notice Packet, whether by skip-trace or by request, will have between the later of (a) an additional fifteen (15) calendar days from the original Response Deadline or (b) the Response Deadline to postmark a Request for Exclusion, Notice of Objection, and/or Workweeks Dispute. *Ibid.*

Requests for Exclusion, Notices of Objection, and Workweeks Disputes must be mailed to Simpluris, Inc, postmarked by the applicable Response Deadline. *Id.*, ¶¶ 28, 41, 42, & 47.

All Individual Settlement Payment and Individual PAGA Payment checks will remain valid and negotiable for one hundred eighty (180) calendar days from the date of their original mailing, and thereafter shall be cancelled. *Id.*, ¶ 61(a). All funds associated with such cancelled checks shall be transmitted by the Settlement Administrator to the California State Controller's Unclaimed Property Division in the name of the Settlement Class Member and/or PAGA Aggrieved Employee and in the amount of their respective Individual Settlement Payment and/or Individual PAGA Payment. *Ibid.*

## X.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of the Settlement; certify the proposed Class for settlement purposes; appoint Lawyers *for* Justice, PC and Bibiyan Law Group, P.C. as Class Counsel; preliminarily approve the allocations for the Attorneys' Fees and Costs, Class Representative Enhancement Payments, PAGA Allocation, and Settlement Administration Costs; appoint Plaintiffs as Class Representatives; appoint Simpluris,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1    Inc. as the Settlement Administrator; approve and direct the mailing of the Notice

2    Packet to the Class; and schedule a Final Approval Hearing in approximately 160

3    days.

4

5    Dated: January 2, 2025              **LAWYERS** *for* **JUSTICE, PC**

6                                    By:    _____

7                                         Helene Mayer

8                                         *Attorneys for* Plaintiffs Mackensie Biddle
                                          and Jessa Naluz

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**